4 F.3d 995
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Reginald S. MEYERS, Defendant-Appellant.
 Nos. 92-3626, 92-3627.
 United States Court of Appeals, Sixth Circuit.
 Aug. 23, 1993.
 
 Before: MARTIN, SILER, and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Reginald Meyers appeals his conviction and sentence following his guilty plea to one count of distribution of cocaine base, a violation of 18 U.S.C. Sec. 841, and possession of a firearm by a convicted felon, a violation of 18 U.S.C. Sec. 922.
 
 
 2
 Meyers was indicted in a ten-count indictment, each count of which involved drug trafficking. In the second day of testimony at his trial, Meyers changed his not guilty plea and entered a plea of guilty. In return for the guilty plea, the United States agreed to drop eight of the charges against Meyers.
 
 
 3
 Before accepting Meyers' plea of guilty, the district court asked Meyers if he voluntarily agreed that he had committed the crime to which he was pleading guilty. Meyers responded affirmatively with respect to both the distribution charge and the charge of firearms possession. Meyers disagreed with the district court over the ownership of the weapon. The district court, however, correctly advised Meyers that the only issue relevant to the charge was whether the weapons were present with Meyers in the same area. Meyers agreed that the weapons were in the same area with him.
 
 
 4
 On appeal, Meyers seeks primarily to withdraw his guilty plea, enter a plea of not guilty, and be tried for the offenses charged. Nothing in this record indicates that the entry of the guilty plea was involuntary in any way. On this record, it is extremely clear that all of Meyers' constitutional rights were properly protected before he pled guilty. Meyers' request that he be allowed to withdraw his guilty plea is denied.
 
 
 5
 Meyers also complains of the sentence which he received because the district court included eighteen grams of crack cocaine in calculating his base offense level, along with the forty-six grams of crack cocaine in the count to which Meyers pled guilty, thus placing him above the fifty-gram level necessary for an extended sentence. We see no error in the district court's calculation of Meyers' sentence. In fact, the district court did not use as relevant conduct testimony which would have indicated that Meyers participated in even a greater amount of cocaine trafficking, which would conceivably have extended Meyers' sentence even longer than the one hundred sixty-eight months to which he has been sentenced. A conviction for possession of a firearm by a convicted felon requires a sentence of one hundred twenty months to be served concurrently with other sentences. Accordingly, we need not formally address this issue, in that we can affirm his conviction and sentence based on count one alone.
 
 
 6
 After our review of the record, we can find no error and affirm the judgment of the district court.